UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>VINCENT F. CIGNA, GERALDINE CIGNA, SALVATORE CIGNA, CHASE BANK, and NEW YORK CITY DEPARTMENT OF FINANCE,<br><br>         Defendants. | Civil Action No. CV-11 4202<br><br>MATSUMOTO, J.<br><br>GO, M. |

## ANSWER OF DEFENDANT, SALVATORE CIGNA

  Defendant, Salvatore Cigna, individually and as Trustee of the Cigna Family Trust dated August 28, 2000, by his attorney, L. William Fishman, responds to the Complaint brought by Plaintiff. For his Answer, Defendant, Salvatore Cigna, admits, denies and alleges as follows:

  1.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Complaint.

  2.  On information and belief, admits the allegations set forth in paragraph 2 of the Complaint.

  3.  On information and belief, admits the allegations set forth in paragraph 3 of the Complaint.

  4.  Admits the allegations set forth in paragraph 4 of the Complaint.

  5.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Complaint.

12. Neither admits nor denies the allegations set forth in paragraph 12 of the Complaint and refers the Court to the referenced document for the terms thereof.

13. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the Complaint.

## GENERAL DENIAL

14. Defendant, Salvatore Cigna, denies generally each and every allegation of the Complaint not specifically admitted, qualified or denied herein.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

15. Plaintiff has no right to enforcement of its federal tax lien with respect to the real property located at 55 Bay 37th Street, Brooklyn, New York (the "Brooklyn Property") because Vincent and Geraldine Cigna have no vested interest in this property. The Brooklyn Property is presently owned by the Cigna Family Trust dated August 28, 2000 (the "Trust") and was transferred to the Trust by Defendant's mother, Theresa Cigna, on that date. Defendants, Vincent F. Cigna and Salvatore Cigna, are the Trustees of the Trust and hold title to the same in their fiduciary capacities.

16. In the event the Court grants enforcement of Plaintiff's federal tax liens against the Brooklyn Property, prior to any distributions of proceeds to Plaintiff, Salvatore Cigna is entitled to full reimbursement of all amounts, expenses and charges of every kind and nature he has paid directly or indirectly attributable or relating to the Brooklyn Property.

(a) Since approximately the death of Theresa Cigna on May 30, 2006, Defendant, Salvatore Cigna, has paid all of the expenses and charges of every kind and nature directly or indirectly attributable or relating to the Brooklyn Property from either his personal funds and/or from a joint account held in the individual names of Defendants, Salvatore Cigna and Vincent Cigna.

(b) If the Court grants enforcement of the Plaintiff's federal tax lien by authorizing the sale of the Brooklyn Property, then, prior to the distribution of any net sale proceeds to the Plaintiff, under New York law and pursuant to the terms of the Trust, Defendant, Salvatore Cigna, is entitled to full reimbursement of all amounts, expenses and charges of every kind and nature directly or indirectly attributable or relating to the Brooklyn Property, including,

without limitation, real estate taxes and assessments with respect to the Brooklyn Property, premiums for fire, liability or other policies of insurance with respect to the Brooklyn Property, and charges for repairs (normal and extraordinary), painting (interior and exterior), maintenance, fuel and water with respect to the Brooklyn Property (hereinafter referred to as the Repair and Maintenance Expenses"), expended by him from any portion of his personal funds and from his one-half portion of the joint account held in the individual names of Defendants, Salvatore Cigna and Vincent Cigna.

17. In the event the Court grants enforcement of Plaintiff's federal tax liens against the Brooklyn Property, prior to any distributions of proceeds to Plaintiff, the beneficiaries of the Trust (including Salvatore Cigna) are entitled to payment of the distributions called for under the Trust Agreement dated August 28, 2000.

(a) Subparagraph E. of Article FIRST of the Trust provides that "[t]he Trust shall terminate after the death of THERESA CIGNA . . . [and] the Trustees shall then pay over, transfer and distribute the trust corpus and any undistributed income as follows:

"1. Five Thousand ($5,000.00) Dollars to Grantor's grandson, VINCENT CIGNA, JR.;

2. Five Thousand ($5,000.00) Dollars to Grantor's grandson, GREGORY CIGNA;

3. Five Thousand ($5,000.00) Dollars to Grantor's grandson, CHRISTOPHER CIGNA;

4. Two Thousand Five Hundred ($2,500.00) Dollars to Grantor's great-grandson, ROBERT CIGNA;

5. Two Thousand Five Hundred ($2,500.00) Dollars to Grantor's great-granddaughter, ALEXIS NICOLE CIGNA; and

6. Two Thousand Five Hundred ($2,500.00) Dollars to each great-grandchildren born prior to Grantor's demise.

It is the direction of the Grantor that if the above bequests in the amounts set forth are satisfied in whole or in part through Grantor's probate estate or otherwise, then these gifts shall lapse in whole or in part and this provision shall be null and void.

7. The remaining trust corpus and any undistributed income shall be given to Grantor's sons, VINCENT CIGNA and SALVATORE J. CIGNA, also known as SALVATORE CIGNA, in two equal shares.

The unpaid portions of Grantor's loans in the sums of Ten Thousand ($10,000.00) Dollars to Grantor's son, SALVATORE J. CIGNA . . . and Forty-Three Thousand ($43,000.00) Dollars to Grantor's son, VINCENT CIGNA, shall be debited against the proportionate share of SALVATORE J. CIGNA . . . and VINCENT CIGNA in Grantor's remainder estate, so as to equalize the distribution of Grantor's remainder estate to SALVATORE CIGNA . . . and VINCENT CIGNA."

(b) The Trust provisions set forth above are applicable and controlling in determining the amount payable to or for the benefit of Defendant, Vincent F. Cigna, from the sale proceeds of the Brooklyn Property. Pursuant to the express terms of the Trust and New York law, the specific bequests to Theresa Cigna's grandchildren and great-grandchildren and the remainder interest of Defendant, Salvatore Cigna (as affected by the relative amounts of loans made by Theresa Cigna to Salvatore Cigna and Vincent F. Cigna) are payable prior to the payment of any amount to or for the benefit of Defendant, Vincent F. Cigna, or to the Plaintiff.

(c) No portion of the bequests to Theresa Cigna's grandchildren and great-grandchildren were paid through her probate estate.

10469712\V-3

18. Based on the allegations in the Complaint, Defendant, Salvatore Cigna, cannot formulate all of his defenses at this time, but he reserves its right to amend his answer to include additional affirmative defenses if and when discovery justifies the same.

## PRAYER FOR RELIEF

Defendant, Salvatore Cigna, individually and as Trustee of the Trust, respectfully prays as follows:

(1) That the Court deny enforcement of Plaintiff's federal tax lien with respect to the Brooklyn Property;

(2) Alternatively, if the Court grants enforcement of such lien with respect to the Brooklyn Property and a sale of the Brooklyn Property occurs, that the Court honor the terms and provisions of the Trust and determine that distributions of the sales proceeds of the Brooklyn Property should occur in the following order:

(a) The Court and/or the Trust should reimburse Defendant, Salvatore Cigna, for all of the Repair and Maintenance Expenses paid from his personal funds for the upkeep of the Brooklyn Property;

(b) The Court and/or the Trust should honor the specific bequests to the grandchildren and great-grandchildren of Theresa Cigna as set forth in the Trust Agreement, prior to the distribution or payment of any amount to or for the benefit of Defendant, Vincent F. Cigna, or Defendant, Salvatore Cigna;

(c) The Court and/or the Trust should distribute the remainder of its assets to Defendant, Salvatore Cigna, taking into account the adjustment required by Paragraph

10469712\V-3

E. of Article FIRST of the Trust with respect to loans made by Theresa Cigna to Defendants, Vincent F. Cigna and Salvatore Cigna; and

       (d)     The Court and/or the Trust should distribute to the Plaintiff any proceeds to which Defendant, Vincent F. Cigna, would otherwise be entitled.

       (3)     That the Court award Defendant, Salvatore Cigna, such other and further relief as the Court deems proper, including, but not limited to, any attorneys fees available under applicable law.

                                 Respectfully submitted,

                                   /s/ L. William Fishman_____
                                   L. William Fishman
                                   New York State Bar No. 1172857
                                   11 Martine Avenue, 12th Floor
                                   White Plains, NY 10606
                                   Tel. No. 914-921-2800
                                   [lwf@fishmanlaw.net]

                                   ATTORNEY FOR DEFENDANT, SALVATORE CIGNA

**CERTIFICATE OF SERVICE**

     I hereby certify that on November ___, 2011 a true and correct copy of the foregoing pleading was filed via the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

                                   /s/ L. William Fishman_____
                                   L. William Fishman